UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROBERT DORAN, MARIA BAEZ,
ALEXANDER SHAPOROV, and
BERNARD LINN,

                        Plaintiffs,              15-cv-7217 (PKC)(SN)

      -against-

                                                    <u>OPINION AND ORDER</u>

NEW YORK STATE DEPARTMENT OF
HEALTH OFFICE OF THE MEDICAID
INSPECTOR GENERAL, et al.,

                        Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.

Three years after this action was commenced and after the close of fact discovery, plaintiffs seek leave to file a Third Amended Complaint, modifying some allegations and asserting new claims of discriminatory or retaliatory acts. For reasons that will be explained, the motion will be denied.

PROCEDURAL HISTORY

This is an employment discrimination action brought by four employees of the Office of the Medicaid Inspector General ("OMIG"). The action was commenced on September 11, 2015. The identification of the parties and the background of the claims are set forth in this Court's Memorandum and Order granting in part and denying in part a motion to dismiss. (Doc 92.)

By letter dated December 14, 2015, the defendants advised the Court of their intent to move to dismiss the action, setting forth in five single-space pages the bases for their motion. (Doc 47.) In response, plaintiffs requested leave to add additional parties and amend

their factual allegations. (Doc 48.) The Court granted plaintiffs' application and gave them until January 7, 2016 to file an amended pleading. (Order of Dec. 23, 2015; Doc 49.) Plaintiffs requested an extension of time to amend until January 21, 2016, which the Court granted. (Order of Jan. 4, 2016; Doc. 51.) On January 21, a 99-page Amended Complaint, including 541 numbered paragraphs, was filed on behalf of the four employees. (Doc 52.)

Defendants submitted a new round of pre-motion letters addressed to the new pleading. On February 9, 2016, the Court held a pretrial conference at which plaintiffs sought to further amend their complaint. The Court granted plaintiffs' request over defendants' objections and set March 8, 2016 as the deadline for the further amended pleading. (Order of Feb. 9, 2016; Doc 63.)

A Second Amended Complaint was filed on March 10, 2016. (Doc 69.) The new pleading was 66-pages in length and included 412 separately numbered paragraphs. Plaintiffs asserted nine claims against fifteen defendants. Defendants moved to dismiss the complaint. In a Memorandum and Order the Court granted in part and denied in part the motion to dismiss. (Mem. and Order of Mar. 2, 2017; Doc 92.)

Thereafter, the Court conducted a conference at which the parties submitted a case management plan and proposed scheduling order that was adopted by the Court. (Order of June 22, 2017; Doc 111.) The Scheduling Order provided that "[a]ny motion to amend or to join additional parties shall be filed within 30 days from the date of this Order." (Id.) It also set an end to fact discovery of December 20, 2017. (Id.) On July 24, 2017, the time for moving for a further amendment to the complaint expired without any request for an amendment or extension of the deadline.

The parties did request an extension of the time to complete fact discovery, and the Court granted a generous extension of six months. (Order of Dec. 8, 2017; Doc 122.) A further extension was granted by the Court from June 20, 2018 to August 20, 2018 with the following warning: "Fair warning that a further request for an extension will be denied." (Order of May 18, 2018; Doc 127.) But the warning did not stop the plaintiffs from seeking a further extension of fact discovery to October 4, 2018. (Doc 128.) At a conference with the Court, fact discovery was deemed closed except for specific items identified by the Court in its order. (Order of Sept. 6, 2018; Doc 134.) Plaintiffs expressed an intent to move to further amend their complaint and the Court set a schedule for the present motion. (Id.)

Submitted with the motion is a proposed Third Amended Complaint that is 56-pages in length with 429 paragraphs. (Doc 140-2.) The proposed amendments modify over 70 paragraphs of the Second Amended Complaint. Some of the amended allegations add more specific evidentiary detail (id. at ¶¶ 174, 213, 230-31, 261, 288, 291), eliminate dismissed claims (id. at ¶¶ 1, 376-382) and correct typos (id. at ¶¶ 82, 176, 329, 374). The proposed Third Amended Complaint also asserts new alleged discriminatory or retaliatory acts, including the denial of a promotion to Robert Doran in favor of an allegedly less-qualified younger candidate, Dan Coyne, in November 2017 (id. at ¶¶ 101, 216-229) and a retaliatory negative evaluation of Maria Baez in February 2017 and threat of a negative evaluation in July 2018 by a non-party (id. at ¶¶ 276-82). It also adds new claims against Dennis Rosen, the current Inspector General of OMIG in his individual capacity under the New York State and New York City Human Rights Laws (id. at ¶¶ 414-425).

DISCUSSION

Rule 15(a)(2), Fed. R. Civ. P., provides that a "court should freely give leave [to amend] when justice so requires." But Rule 15 is read in conjunction with Rule 16(a), Fed. R. Civ. P., which establishes one of the purposes of a pretrial conference as expediting the disposition of an action. Rule 16(b)(3) sets forth both permissive and required content of a court's scheduling order. The order "must limit the time to . . . amend the pleadings . . . ." Rule 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Rule 16(b)(4). This Court's Order of June 22, 2017 did so limit the time for a motion to amend. No such motion was made within the time set by the Court, and no request for an extension was made before its expiration.

In Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000), the Second Circuit joined other circuits "in holding that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." The diligence of the moving party is an important factor in determining whether good cause has been shown, but it is not the only consideration. Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007). Prejudice to the non-moving party is a relevant consideration, id., but the absence of prejudice is not alone sufficient to demonstrate good cause, Gullo v. City of New York, 540 Fed. App'x 45, 47 (2d Cir. 2013) (summary order).

The new claim asserted by plaintiff Doran regarding the November 2017 denial of a promotion, including the new claims against Rosen, were known or knowable nine or ten months before plaintiffs first raised with the Court the possibility of moving for leave to file a Third Amended Complaint. The February 2017 performance evaluation of Baez has been known

4

to plaintiffs for even a longer period. Not only have plaintiffs failed to show diligence supporting a finding of good cause with respect to the events of February and November 2017, but the record also supports an affirmative finding of undue delay on the part of plaintiffs. The only event of relatively recent vintage was the July 2018 provisional rating given by a nonparty employee of OMIG that meant, according to plaintiffs, that "if her performance did not improve her 2018 performance would be rated 'unsatisfactory' at the end of the present evaluation period." (Doc 140-2 at ¶ 282.) At this juncture, it does not rise to a claim and is more in the nature of evidentiary detail.

Defendants would be unduly prejudiced because fact discovery is now closed. Rosen was not examined at deposition and plaintiffs disclaim a present desire to examine him. But plaintiffs acknowledge that they would seek from defendants documents relating to the promotion, which necessarily requires some opening of the now closed discovery period. Defendants do not claim to be totally sandbagged by the new allegations. They concede that the events were "briefly discussed" in plaintiffs' depositions, but because no liability or damages could flow from the events, they were "not closely examined." (D. Mem. 13.) Defendants further assert that, as standalone claims, the new allegations of discriminatory or retaliatory actions would not survive a motion under Rule 12(b)(6). Full briefing and consideration of the sufficiency of the claims would only serve to further delay the disposition of this three-year-old action.

There is a further element of prejudice to defendants because this action is brought by incumbent employees against a state agency. The action seeks sweeping declaratory and injunctive relief concerning the on-going employment practices of the agency. (Doc 140-2 at p. 59.) Defendants—and members of the public, including prospective candidates for

5

employment—are entitled to know sooner rather than later whether OMIG will be operating under a judicial injunction with yet unknown requirements.

Because this case includes claims by present employees, it is unsurprising that new conversations and events have occurred in the course of ongoing employment. The exclusion of a conversation or meeting from a pleading does not control the admissibility of trial evidence. Rule 8(a) provides for notice pleading, and this Court has already upheld in substantial part the Second Amended Complaint against an attack on its legal sufficiency. There is no need to amend a complaint to eliminate claims that were previously dismissed or correct insignificant typos.

Plaintiffs raise the alternative argument that their motion to amend is asserted under not only Rule 15(a) but also Rule 15(d), which governs a "supplemental pleading." But the pleading that plaintiffs seek leave to file is styled as the Third Amended Complaint and unquestionably includes revised allegations that do not relate to events occurring after the filing of the Second Amended Complaint (e.g. Doc 140-2 at ¶¶ 55-56, 59, 69, 72, 78, 86, 101, 115, 127, 149, 174, 249, 251-55, 257, 288, 291, 315, 318, 358 ). Also, the Court affirmatively finds that, for reasons explained above, there has been undue delay with regard to supplementation concerning events of February and November 2017 and that defendants would be unduly prejudiced by the assertion of a supplemental pleading at this late date. See Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995) (a Rule 15(d) motion should be freely granted only in the absence of undue delay and undue prejudice); see also Klein v. PetroChina Co., 644 F. App'x 13, 15 (2d Cir. 2016) (summary order) (district court did not abuse its discretion in denying Rule 15(d) motion "especially in light of our general interest to 'promote the economic and speedy disposition of the controversy between the parties'").

CONCLUSION

Plaintiffs have not demonstrated good cause to modify the time limit for amending the pleadings set forth in the Order of June 22, 2017. Their motion (Doc 139) for leave to file the proposed Third Amended Complaint is DENIED. If, alternatively, the motion is construed as one for leave to file a supplemental pleading under Rule 15(d), Fed. R. Civ. P., it is DENIED because (1) the plaintiffs' proposed Third Amended Complaint goes well beyond setting forth events occurring after the date of their prior pleading; and (2) the Court finds undue delay by plaintiffs and undue prejudice to defendants.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       October 18, 2018