UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT DORAN, MARIA BAEZ, ALEXANDER
SHAPOROV, and BERNARD LINN,

                       Plaintiffs,

                       v.

ERIN IVES, DENNIS ROSEN, DAN COYNE,
ANNA COSCHIGNANO, ROBERT BYRNES,
RUSSELL S. RIZZO, CHRISTOPHER
MULHALL, EDWARD MICHAEL DRESSLER,
SEAN MAHONEY, GABRIELLE ARES, and
JOHN and JANE DOES 1-5 (said names being
fictitious, the persons intended being those who
aided and abetted the unlawful conduct of the
named Defendants),

                       Defendants.

---

No. 15-cv-7217 (PKC)(SN)

SETTLEMENT AGREEMENT,
GENERAL RELEASE, AND
ORDER OF DISMISSAL WITH
PREJUDICE

This SETTLEMENT AGREEMENT, GENERAL RELEASE, AND ORDER OF

DISMISSAL WITH PREJUDICE ("Settlement Agreement") is made by and between Plaintiffs

Robert Doran, Maria Baez, Alexander Shaporov, and Bernard Linn ("Plaintiffs") and the Office

of the Medicaid Inspector General ("OMIG") as of the date this Settlement Agreement is

electronically filed with the Court:

     WHEREAS, Plaintiffs are employees of OMIG and have been since at least 2011;

     WHEREAS, on or about May 13, 2014, Plaintiff Doran filed a complaint with the New

York State Division of Human Rights ("the NYSDHR Complaint") against OMIG, Case No.

10168841, and the NYSDHR found on or about November 3, 2014 that "probable cause" existed

to believe that OMIG had engaged in an unlawful discriminatory practice with respect to

Plaintiff Doran (the "NYSDHR Proceeding");

WHEREAS, on or about May 19, 2014, the NYSDHR Complaint was cross-filed with the U.S. Equal Employment Opportunity Commission ("EEOC") under EEOC Charge Number 16B402986 (the "First EEOC Charge")

WHEREAS, on September 11, 2015, Plaintiffs filed an action in the Southern District of New York under Docket No. 15-cv-7217, claiming that OMIG and several of its managers had discriminated and retaliated against them by, among other things, failing to promote them to certain supervisory and management positions between 2012 and 2014 ("*Doran I*");

WHEREAS, on March 8, 2016, Plaintiffs filed the Second Amended Complaint in *Doran I*, claiming that OMIG and several of its managers had discriminated and retaliated against them by, among other things, failing to promote them to certain supervisory and management positions between 2012 and 2016 (the "SAC");

WHEREAS, on or about February 3, 2020, Plaintiff Doran filed a second Charge of Discrimination with the EEOC against OMIG, which was designated EEOC Charge No. 520-2020-02304 (the "Second EEOC Charge");

WHEREAS, on May 15, 2020, Plaintiffs commenced a second action, entitled *Doran, et al. v. OMIG, et al.*, 20-cv-3754 (S.D.N.Y. 2020) against OMIG and several of its managers, claiming that defendants had discriminated and retaliated against them by, among other things, failing to promote them to certain supervisory and management positions from 2017 to 2019 ("*Doran II*");

WHEREAS, on November 20, 2020, the Court consolidated *Doran I* and *Doran II* into one consolidated action under the original docket number (the "Consolidated Action");

WHEREAS, on December 4, 2020, Plaintiffs filed the Third Amended & Consolidated Complaint (the "TACC") in the Consolidated Action;

WHEREAS, on December 31, 2020, defendants moved to partially dismiss the *Doran II* claims from the TACC (the "Motion to Dismiss");

WHEREAS, on April 26, 2021, the Court granted in part and denied in part the Motion to Dismiss;

WHEREAS, following the Court's decision on the Motion to Dismiss, the remaining defendants named in the Consolidated Action are Erin Ives, named in her official capacity only; Dennis Rosen; Daniel Coyne; Anna Coschignano; Robert Byrnes; Russell S. Rizzo; Christopher Mulhall; Edward Michael Dressler; Sean Mahoney; and Gabrielle Ares;

WHEREAS, Frank T. Walsh, Jr., the Current Acting MIG should be automatically substituted as a defendant for Erin Ives, the former Acting MIG, pursuant to Federal Rule of Civil Procedure 25(d), and named in his official capacity only;

WHEREAS, Frank Walsh, Erin Ives, Dennis Rosen, Daniel Coyne, Anna Coschignano, Robert Byrnes, Russell S. Rizzo, Christopher Mulhall, Edward Michael Dressler, Sean Mahoney, and Gabrielle Ares shall be referred to herein as "Defendants";

WHEREAS, on December 21, 2021, the parties participated in a mediation before United States District Judge P. Kevin Castel;

WHEREAS, the claims and allegations in the NYSDHR Complaint, the NYSDHR Proceeding, the First EEOC Charge, the Second EEOC Charge, the SAC, the TACC, together with all related filings and proceedings whether brought before administrative agencies or in federal court—including without limitation all filings in *Doran I*, *Doran II*, and the Consolidated Action—constitute the "Action" for purposes of this Settlement Agreement;

WHEREAS, Plaintiffs are and have been represented in the Action by the law firm of Maduegbuna Cooper LLP, 30 Wall Street, 8th Floor, New York, NY 10005, which law firm shall be referred to herein as "Plaintiffs' Counsel";

WHEREAS, the Defendants expressly deny any wrongful conduct or liability, or violation of any federal, state, or local constitution, statute, ordinance, or law in this matter whatsoever;

WHEREAS, Plaintiffs and Defendants desire to fully resolve the claims between them and any and all other disputes, whether known or unknown, without further litigation or proceedings before the federal or state courts or any other judicial or administrative body, and without admission of fault or liability;

NOW THEREFORE, in consideration of the mutual promises, covenants, representations and other consideration contained in this Settlement Agreement, Plaintiffs and OMIG hereby stipulate and agree as follows:

1. **Dismissal of the Action with Prejudice.**

The Action, and all claims that were or could have been asserted therein, are dismissed with prejudice against Defendants pursuant to Fed. R. Civ. P. 41(a) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts set forth in Paragraph 3.

2. **Dismissal of the Action Against Defendants.**

Simultaneously with the execution of this Settlement Agreement, counsel for Plaintiffs shall execute and deliver to counsel for Defendants a Stipulation and Order in the form annexed hereto as Exhibit A (the "Stipulation and Order of Dismissal With Prejudice"), dismissing with prejudice the Action and all claims asserted therein against Defendants Frank Walsh, Erin Ives,

Dennis Rosen, Daniel Coyne, Anna Coschignano, Robert Byrnes, Russell S. Rizzo, Christopher

Mulhall, Edward Michael Dressler, Sean Mahoney, and Gabrielle Ares, in their individual and

official capacities, pursuant to Fed. R. Civ. P. 41(a) and without payments, attorneys' fees, costs,

disbursements or expenses to any of these parties as against the other.

      3.    **Payments to Plaintiffs.**

      In full consideration of Plaintiffs' execution of this Settlement Agreement, their

agreement to be bound by its terms, and their undertakings as set forth herein including, but not

limited to, the dismissal of the Action with prejudice, Plaintiffs' waiver and release of claims as

set forth in Paragraph 12, and other good and valuable consideration, the sufficiency of which is

hereby acknowledged, the gross amount of NINE HUNDRED THOUSAND DOLLARS

($900,000.00) shall be paid as follows:

      (a)    In full and complete satisfaction of any and all claims for lost wages,

benefits, and economic damages, including but not limited to back pay, front pay, severance pay,

commissions, bonuses, reimbursements, pension plan contributions, and any non-vested

retirement, pension, health or savings plan benefits, incurred by Plaintiffs that were or could

have been the subject of any claim in the Action, OMIG shall pay:

          (i)    Maria Baez the gross sum of FOUR THOUSAND AND THREE

               HUNDRED AND NINETY-THREE DOLLARS ($4,393.00), less

               all applicable withholding and/or payroll deductions, including but

               not limited to federal, state, and local taxes, for which an I.R.S.

               Form W-2 shall be issued to Maria Baez. The foregoing payment

               constitutes the estimated amount Maria Baez would have received

               had she been promoted to a temporary Medicaid Investigator

("MI") 3 position (Civil Service Grade 24) on September 25, 2014, and held that position through September 25, 2015. The foregoing payment shall be made payable to "Maria Baez" and sent to Maria Baez, ███████████████████████████████. OMIG will notify the Office of the State Comptroller (OSC), the administrative head of the New York State and Local Retirement System, of this payment to Maria Baez and this Settlement Agreement. The OSC will determine if the foregoing payment is "pensionable" and any pension calculations pursuant to applicable retirement plans, State policies, regulations, and statutes.

(ii) Robert Doran the gross sum of NINETEEN THOUSAND AND ONE HUNDRED AND SIXTY-FIVE DOLLARS ($19,165.00), less all applicable withholding and/or payroll deductions, including but not limited to federal, state, and local taxes, for which an I.R.S. Form W-2 shall be issued to Robert Doran. The foregoing payment constitutes the estimated amount Robert Doran would have received had he been promoted to an Investigative Specialist ("IS") 2 position (Civil Service Grade 23) on November 29, 2018, and held that position until January 19, 2022. The foregoing payment shall be made payable to "Robert Doran" and sent to Robert Doran, ███████████████████████████████. OMIG will notify the OSC, the administrative head of the New York State and Local Retirement System, of this payment to Robert Doran

and this Settlement Agreement. The OSC will determine if the foregoing payment is "pensionable" and any pension calculations pursuant to applicable retirement plans, State policies, regulations, and statutes.

(iii)  Bernard Linn the gross sum of THIRTY-FIVE THOUSAND AND TWO HUNDRED AND SEVENTEEN DOLLARS ($35,217.00), less all applicable withholding and/or payroll deductions, including but not limited to federal, state, and local taxes, for which an I.R.S. Form W-2 shall be issued to Bernard Linn. The foregoing payment constitutes the estimated amount Bernard Linn would have received had he been promoted to an MI-3 position on February 6, 2014, and held that position until January 19, 2022. The foregoing payment shall be made payable to "Bernard Linn" and sent to ███ ██████████████████████████████. OMIG will notify the OSC, the administrative head of the New York State and Local Retirement System, of this payment to Bernard Linn and this Settlement Agreement. The OSC will determine if the foregoing payment is "pensionable" and any pension calculations pursuant to applicable retirement plans, State policies, regulations, and statutes.

(iv)  Plaintiffs' Counsel the gross sum of SIX THOUSAND AND TWO HUNDRED TWENTY FIVE DOLLARS ($6,225.00), for which an I.R.S. Form 1099 shall be issued to Plaintiffs and Plaintiffs'

Counsel in this amount. The foregoing payment shall be made payable to "Maduegbuna Cooper LLP" and sent to Samuel Maduegbuna, Maduegbuna Cooper LLP, 30 Wall Street, 8th Floor, New York, NY 10005.

(b)   The State of New York, on behalf of OMIG, shall pay to Plaintiffs' Counsel the gross sum of EIGHT HUNDRED AND THIRTY-FIVE THOUSAND DOLLARS ($835,000.00), for which I.R.S. Form 1099 shall be issued to Plaintiffs and Plaintiffs' Counsel, in full and complete satisfaction of (i) any and all claims, allegations, or causes of action for attorneys' fees costs, disbursements, and expenses incurred by Plaintiffs' Counsel or Plaintiffs for any and all counsel who have at any time represented or assisted Plaintiffs in the Action, or in connection with any other proceeding, administrative, judicial, or otherwise and any other claim or action arising from, related to, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action; and (ii) any and all claims, allegations, or causes of action for compensatory damages, including but not limited to, pain and suffering, mental and emotional anguish and trauma, damage to reputation, economic damages, or other compensation, punitive damages, and liquidated damages. The foregoing payment shall be made payable to "Maduegbuna Cooper LLP" and sent to Samuel Maduegbuna, Maduegbuna Cooper LLP, 30 Wall Street, 8th Floor, New York, NY 10005.

**4.   <u>Approval of Payments.</u>**

The payments referenced in Paragraph 3 of this Settlement Agreement are subject to and conditioned upon the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17 and routine State payment processes. Plaintiffs and Plaintiffs' Counsel agree to promptly execute and deliver all necessary and appropriate vouchers and other requested

documentation with respect to obtaining such approval and effectuating payment, including, but not limited to Plaintiff Baez's Affidavit Regarding Medicare, Plaintiff Doran's Affidavit Regarding Medicare, Plaintiff Linn's Affidavit Regarding Medicare, and Plaintiff Shaporov's Affidavit Regarding Medicare, attached hereto as Exhibit B and any required attachments thereto.

5. **Accrual of Interest.**

In the event that the payments specified in Paragraph 3 have not been made by the one hundred twentieth (120th) day after receipt by the New York State Office of the Attorney General ("OAG") of  a fully executed and notarized version of this Settlement Agreement, with exhibits, that has been electronically filed in the above-captioned action on ECF, together with all other documentation, including, without limitation documentation required under Paragraphs 2, 4, and 7 of this Settlement Agreement, interest on any part of the amount specified in Paragraph 3 not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred and twenty-first (121st) day.

6. **Responsibility of Plaintiffs and Plaintiffs' Counsel for Taxes.**

Any taxes, or interest or penalties on taxes, on the payments referred to in Paragraph 3 of this Settlement Agreement shall be the sole and complete responsibility of Plaintiffs (or Plaintiffs' Counsel respectively, for amounts paid to said attorneys), except that OMIG agrees to pay its share of the payroll tax for payments issued pursuant to Paragraph 3(a)(i), (ii), & (iii) of the Agreement. Plaintiffs and Plaintiffs' Counsel acknowledge and agree that they shall have no claim, right, or cause of action against OMIG, the State of New York, or any of their agencies, departments, divisions, officers, employees, agents, attorneys, insurers, and assigns, including but not limited to Defendants, whether in their individual or official capacities, or any of them, or

all of them, on account of such taxes, interest, or penalties. Plaintiffs agree that they will defend, indemnify, and hold harmless OMIG and/or the State of New York, or its present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

       7.    **Medicare Certification.**

(a) Plaintiff Baez represents and warrants that she is not a Medicare recipient and/or Medicare eligible, has never been on Medicare or Social Security Disability Insurance ("SSDI"), that no conditional payments have been made on her behalf by Medicare, and further that she does not expect to be Medicare eligible and/or a Medicare recipient within the next thirty (30) months following the date of this Settlement Agreement. Plaintiff Baez agrees to deliver to the OAG a fully executed and notarized document, "Plaintiff Baez's Affidavit Regarding Medicare," in the form annexed hereto in Exhibit B. Plaintiff Baez acknowledges and understands that receipt of this document by the OAG is a prerequisite to payment of the settlement amounts referenced in Paragraph 3, and that this document falls within the category of "other documentation" and "required documentation" described in Paragraphs 4 and 5 of this Settlement Agreement.

(b) As a Medicare recipient, Plaintiff Doran agrees to notify Medicare, as well as any Medicare Part C Plan (also referred to as Medicare Advantage Plans, Medi-Gap Plans), (collectively, "Medicare") and obtain a Conditional Payment Letter and Final Demand Letter for medical treatment and/or prescription medication paid by Medicare relating to the injuries alleged in

this Action. Plaintiff Doran further acknowledges and understands that prior to payment of the settlement amount referenced in Paragraph 3, he must either (a) provide evidence that a Medicare Set-Aside Trust has been established for future anticipated medical costs, pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26, and that the Medicare Set-Aside Trust will be funded from the proceeds of this agreement; or (b) provide a physician certification or other proof satisfactory to the Attorney General that no future medical treatment is required for the injuries covered by the allegations in this action; or (c) provide written notice from a workers' compensation insurer and/or other non-Medicare entity responsible for paying for relevant future medical treatment which confirms Plaintiff Doran's eligibility for payment and/or reimbursement by said entity relating to such future treatment, and confirms whether the insurer/entity intends to assert any lien against the settlement proceeds for past relevant treatment. Plaintiff Doran agrees to pay any liens against the settlement, to the extent same exist, and whether asserted by a workers' compensation insurer or otherwise, utilizing his settlement proceeds. Plaintiff Doran agrees to deliver to the OAG an executed and notarized document, "Plaintiff Doran's Affidavit Regarding Medicare," in the form annexed hereto in Exhibit B ("Doran Medicare Affidavit"). Plaintiff Doran and his counsel acknowledge that receipt of the fully executed Doran Medicare Affidavit together with any required attachments is a prerequisite to payment of the settlement amount referenced in Paragraph 3 and falls within the category of "other documentation" and "required documentation" described in Paragraphs 4 and 5 of this Settlement Agreement.

(c) Plaintiff Linn represents and warrants that he is not a Medicare beneficiary, but is currently 62½ years old or older and anticipates that he will be eligible for Medicare as well as any Medicare Part C Plan (also referred to as Medicare Advantage Plans, Medi-Gap Plans),

(collectively, "Medicare") within 30 months following this settlement. Plaintiff Linn acknowledges and understands that prior to payment of the settlement amount(s) referenced in Paragraph 3, he must either (a) provide evidence that a Medicare Set-Aside Trust has been established for future anticipated medical costs, pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26, and that the Medicare Set-Aside Trust will be funded from the proceeds of this agreement or (b) provide a physician certification or other proof satisfactory to the Attorney General that no future medical treatment is required for the injuries alleged in this action. Plaintiff Linn agrees to pay any liens against the settlement, to the extent same exist, and whether asserted by a workers' compensation insurer or otherwise, utilizing his settlement proceeds. Plaintiff Linn agrees to deliver to the OAG an executed and notarized document, "Plaintiff Linn's Affidavit Regarding Medicare," in the form annexed hereto as Exhibit B ("Linn Medicare Affidavit"). Plaintiff Linn and his counsel acknowledge that receipt of the fully executive Linn Medicare Affidavit together with any required attachments is a prerequisite to payment of the settlement amount(s) referenced in Paragraph 3 and falls within the category of "other documentation" and "required documentation" described in Paragraphs 4 and 5 of this Settlement Agreement.

(d) Plaintiff Shaporov represents and warrants that he is not a Medicare recipient and/or Medicare eligible, has never been on Medicare or Social Security Disability Insurance ("SSDI"), that no conditional payments have been made on his behalf by Medicare, and further that he does not expect to be Medicare eligible and/or a Medicare recipient within the next thirty (30) months following the date of this Settlement Agreement. Plaintiff Shaporov agrees to deliver to the OAG a fully executed and notarized document, "Plaintiff Shaporov's Affidavit Regarding Medicare," in the form annexed hereto in Exhibit B. Plaintiff Shaporov

acknowledges and understands that receipt of this document by the OAG is a prerequisite to payment of the settlement amounts referenced in Paragraph 3, and that this document falls within the category of "other documentation" and "required documentation" described in Paragraphs 4 and 5 of this Settlement Agreement.

8. **Responsibility of Plaintiffs for Liens and Setoffs.**

Plaintiffs acknowledge and agree that neither OMIG nor the State of New York (including, but not limited to, any of their agencies, centers, entities, offices, departments, subdivisions, officials, employees, or agents, including but not limited to Defendants Frank Walsh, Erin Ives, Dennis Rosen, Daniel Coyne, Anna Coschignano, Robert Byrnes, Russell S. Rizzo, Christopher Mulhall, Edward Michael Dressler, Sean Mahoney, and Gabrielle Ares whether in their individual or official capacities) shall be responsible for any liens, setoffs, deductions, or recoupments of any kind (including, but not limited to, any and all unemployment benefits, workers' compensation, tax, Medicare, Medicaid, or child support liens, or liens for attorneys' fees, costs, disbursements, or expenses) that may attach to the payments referenced in Paragraph 3 and that Plaintiffs shall have no claim, right, or cause of action on account of such liens or setoff.

9. **Liability of Plaintiffs for Medicare Payments and/or Liens.**

Plaintiffs agree to defend, indemnify, and hold harmless OMIG or the State of New York, or any of the State's offices, agencies, departments, divisions, officers, employees, agents, attorneys, insurers, and assigns, including but not limited to Defendants Frank Walsh, Erin Ives, Dennis Rosen, Daniel Coyne, Anna Coschignano, Robert Byrnes, Russell S. Rizzo, Christopher Mulhall, Edward Michael Dressler, Sean Mahoney, and Gabrielle Ares whether in their individual or official capacities, or any of them, or all of them, for any liens or past or future

Medicare payments presently known or unknown in connection with the Action. If conditional or future anticipated Medicare payments have not been satisfied, OMIG and the State of New York reserve the right to issue a multi-party settlement check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amounts specified in Paragraph 3 of this Settlement Agreement. Upon receipt of all required documentation under Paragraph 2 (Stipulation and Order of Dismissal With Prejudice), Paragraph 4 (State Approval of Payments), and Paragraph 7 (Medicare Certification), payments of the settlement amounts referenced in Paragraph 3 shall be made in accordance with the terms set forth herein.

10. **Covenant Not to File Claim in Court of Claims.**

Plaintiffs warrant and represent that, as of the date of this Settlement Agreement, they have not filed or sought permission to file with the New York Court of Claims a claim against the State of New York, OMIG, Defendants, or their present and former agencies, entities, departments, offices, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them, or any other person or entity based in whole or in part upon any of the acts, transactions, occurrences or omissions asserted in the Action, and further covenants and agrees never to do so in the future.

11. **Promotions of Plaintiffs Doran and Linn.**

OMIG agrees to award Plaintiff Doran a promotion from his current IS-1 position, Civil Service Grade 18, to an IS- 2 position, Civil Service Grade 23. Plaintiff Doran's starting salary, without location pay, will be $92,877 in accordance with applicable Collective Bargaining Agreements between the Public Employees Federation, AFL-CIO and the State of New York

("CBAs"), regulations, and statutes. Plaintiff Doran's employment in the IS-2 position will be subject to applicable OMIG policies, CBAs, regulations, and statutes. OMIG agrees to promote Plaintiff Doran as set forth herein after this Settlement Agreement is fully executed and notarized and electronically filed in the above-captioned action on ECF.   OMIG will use best efforts to promote Plaintiff Doran within 60 days of filing the fully executed and notarized  Settlement Agreement on ECF, but this timeline is subject to the processing of the promotion as necessary or required by applicable control agencies, such as civil service, outside of OMIG's control. OMIG agrees to award Plaintiff Linn a promotion from his current Management Specialist ("MS") 2 position, Civil Service Grade 23, to an MS-3 position, Civil Service Grade 27. Plaintiff Linn's starting salary will be $107,094, without location pay, in accordance with applicable CBAs, regulations, and statutes. Plaintiff Linn's employment in the MS-3 position will be subject to applicable OMIG policies, CBAs, regulations, and statutes. OMIG agrees to promote Plaintiff Linn as set forth herein after this Settlement Agreement is fully executed and notarized and electronically filed in the above-captioned action on ECF. OMIG will use best efforts to promote Plaintiff Linn within 60 days of filing the fully executed and notarized  Settlement Agreement on ECF, but this timeline is subject to the processing of the promotion as necessary or required by applicable control agencies, such as civil service, outside of OMIG's control.

12.     **General Release in Favor of Defendants.**

For and in consideration of the payments referenced in Paragraph 3 of this Settlement Agreement, and other good and valuable consideration including the promotions of Plaintiffs Doran and Linn referenced in Paragraph 11 of this Settlement Agreement, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiffs, on behalf of themselves, their heirs, executors, administrators,

successors, and assigns (collectively, "the Releasing Parties"), hereby release and forever

discharge, the State of New York and OMIG, together with all of their present and former

agencies, entities, departments, offices, subdivisions, subsidiaries, administrators, principals,

officers, employees (including but not limited to Defendants Frank Walsh, Erin Ives, Dennis

Rosen, Daniel Coyne, Anna Coschignano, Robert Byrnes, Russell S. Rizzo, Christopher Mulhall,

Edward Michael Dressler, Sean Mahoney, and Gabrielle Ares), directors, members, trustees,

agents, attorneys, insurers, whether in their individual or official capacities, or any of them, or all

of them (collectively, "the Released Parties"), from all manner of actions, injuries, proceedings,

causes of action, any and all grievances pursuant to any applicable collective bargaining

agreements that arise out of or in any way relate to the Action, suits, debts, obligations, dues,

sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments,

claims, and demands whatsoever, direct or indirect, known or unknown, discovered or

undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future

against some, any, or all of the Released Parties, for or by reason of any act, transaction,

occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this

Settlement Agreement, including but not limited to: (a) any and all claims regarding or arising

out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained

in the Action; (b) any and all claims for attorneys' fees, costs, disbursements and all other

expenses incurred by or on behalf of Plaintiffs in connection with the Action, and any other

action or proceeding, whether judicial, administrative or otherwise; (c) any and all claims

regarding or arising directly or indirectly from Plaintiffs' association with any of the Released

Parties or the terms and conditions of their association with any of the Released Parties; (d) any

and all claims of access to courts, conspiracy, retaliation, or discrimination based upon disability,

age, race, color, national origin, ancestry, religion, marital status, sex, sexual harassment, sexual orientation, gender identity, citizenship, military service, status, or medical condition, whether actual or perceived; (e) any and all claims under federal, state, or local laws, statutes, constitutions, regulations, rules, ordinances, or orders, including but not limited to claims under 42 U.S.C. §§ 1981-1988, Title VI, Title VII, Title IX, the Equal Pay Act of 1963, 29 U.S.C. § 206(d), the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq., the New York State Human Rights Law, New York Executive Law § 296, et seq., the New York City Human Rights Law, New York City Administrative Code § 8-101, et seq., the New York State Labor Law, including but not limited to claims related to minimum wage, overtime, spread of hours, commissions, tips or gratuities, and all claims arising under the Wage Theft Prevention Act and N.Y. Labor Law §§ 190, 215, 651, 652, 740 and 741 et seq., N.Y. Civil Service Law § 75-b, the United States Constitution, the New York State Constitution, the New York City Charter, and any other federal, state or local law; (f) any claims of retaliation for participation in a protected activity and/or engaging in any activity protected under any federal, state, or local laws, statutes, constitutions, regulations, rules, ordinances, or orders; (g) any and all claims for salary, bonuses, earnings, minimum wage pay, overtime pay, severance pay, vacation pay, sick pay, incentive pay, clinical practice income, or other compensation, or any non-vested retirement, pension, or savings plan or other benefits; (h) any and all grievances pursuant to any applicable collective bargaining agreements that arise out of or in any way relate to the Action; and (i) any and all other claims, whether for moneys owed, damages (including but not limited to claims for

equitable relief, compensatory, punitive, or other damages), vocational services, breach of implied or express contract, breach of promise, misrepresentation, negligence, fraud, estoppel, defamation, assault, battery, infliction of emotional distress, tortious interference with contract, tortious interference with business relations, tortious interference with prospective contractual relations, tortious interference with prospective business relations, violation of public policy, wrongful or constructive discharge, or any other tort, or any claim for costs, fees, or other expenses, including attorneys' fees, or any other claims under federal, state, or local law relating to employment, education, vocational services, discrimination, retaliation, retirement, or otherwise. Except for the rights and obligations set forth in this Settlement Agreement, this release also includes a waiver and release of any and all claims related to allegations made before the New York State Department of Labor, the EEOC, the New York State Division of Human Rights, and/or the New York City Commission on Human Rights, as well as any and all claims against the State of New York, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Settlement Agreement. Plaintiffs are not waiving or releasing any nonwaivable statutory protections. Plaintiffs are not waiving or releasing any claims under New York Military Law; any claims under New York Labor Law §§ 220 to 224; or any unemployment benefit rights under the New York Unemployment Insurance Law. Additionally, nothing in this release prohibits Plaintiffs' rights to testify, assist, or participate in an investigation, hearing, or proceedings conducted by the EEOC.

13.     **<u>No Other Action or Proceeding Commenced.</u>**

Other than the Action, Plaintiffs represent that they have not commenced, maintained, or prosecuted any action, charge, complaint, grievances pursuant to any applicable collective bargaining agreements that arise out of or in any way relate to the Action, or proceeding of any kind against the Released Parties, and/or any of their present and former agencies, entities, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them, on their own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for OMIG to enter into this Settlement Agreement.

14.    **No Other Attorney.**

Plaintiffs represent and warrant that, other than the undersigned attorneys for Plaintiffs, no attorney has a lien on the settlement proceeds in the Action or for services rendered to Plaintiffs in the Action, or in any other action or judicial or administrative proceeding alleging any of the acts, transactions, occurrences, or omissions asserted in the Action, whether pursuant to the provisions of §§ 475 and 475-a of the New York Judiciary Law or any other state or federal law, or contract or otherwise.

15.    **No Prevailing Party.**

Neither the Plaintiffs nor any Defendant shall be deemed a "prevailing party" for any purpose, including but not limited to any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

16.    **Plaintiffs' Authorization for Plaintiffs' Counsel to Be Paid Damages.**

Plaintiffs represent and warrant that each of them has authorized Plaintiffs' Counsel to receive on their behalf payments for damages, including without limitation damages for emotional distress.

17.    **Binding Effect on Successors and Assigns.**

The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

18.    **Authority.**

Each signatory to this Settlement Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Agreement, and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

19.     **Voluntary Agreement.**

Plaintiffs represent that they have thoroughly discussed all aspects of this Settlement Agreement (including the General Release set forth in Paragraph 12) with their counsel, and Plaintiffs represent that they have carefully read and fully understand all of the provisions of the Settlement Agreement. Plaintiffs represent that they execute and deliver this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledge that they understand its terms, contents, and effect. Plaintiffs acknowledge that they have consulted with their counsel before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or any one acting on behalf of any party.

20.     **Negotiated Agreement.**

The parties acknowledge that each party has participated and cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

21.     **No Admission of Liability.**

It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation; that this Settlement Agreement and the actions taken pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this dispute or as constituting any admission of wrongdoing or liability on the part of OMIG, the State of New York, or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, including

but not limited to Defendants Frank Walsh, Erin Ives, Dennis Rosen, Daniel Coyne, Anna

Coschignano, Robert Byrnes, Russell S. Rizzo, Christopher Mulhall, Edward Michael Dressler,

Sean Mahoney, and Gabrielle Ares, whether in their individual or official capacities, or any of

them, or all of them, and that they expressly deny any wrongdoing or liability. Nothing contained

in this Settlement Agreement shall be deemed to constitute a policy or practice of OMIG or the

State of New York.

    22.    **No Precedential Value.**

    This Settlement Agreement shall not in any manner be construed as determinative of the

issues raised in the Action or any other proceeding, and shall have no precedential value. In

addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement

shall not bind or collaterally estop OMIG, the State of New York, or their present and former

agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors,

members, trustees, agents, attorneys, insurers, heirs, and assigns, including but not limited to

Defendants Frank Walsh, Erin Ives, Dennis Rosen, Daniel Coyne, Anna Coschignano, Robert

Byrnes, Russell S. Rizzo, Christopher Mulhall, Edward Michael Dressler, Sean Mahoney, and

Gabrielle Ares whether in their individual or official capacities, or any of them, or all of them, in

pending or future actions or proceedings in which the same or similar issues are raised, from

defending any and all issues raised in said actions or proceedings, or from advancing any

defenses.

    23.    **Entire Agreement.**

    This Settlement Agreement constitutes the entire agreement between the parties hereto

pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all

prior and current agreements and understandings of the parties hereto, whether written or oral,

with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

24. **Governing Law.**

The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, without regard to the conflict of laws provisions of New York law, except to the extent that federal law applies to the releases and waiver of federal claims pursuant to this Settlement Agreement.

25. **Severability.**

With the exception of Paragraphs 1, 2, 3, 4, 7, 11, 12, 13 and 15 of this Settlement Agreement, if any provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

26. **Headings.**

The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

27. **Submission to the Court.**

Upon signatures by all parties to this Settlement Agreement and counsel for all parties to this Settlement Agreement, and notarizations as set forth herein, this Settlement Agreement and the Stipulation and Order of Dismissal With Prejudice attached as Exhibit A shall be submitted without further notice to the Court to be "So Ordered."

28.   **Counterparts.**

This Settlement Agreement may be executed in one or more counterparts and by facsimile or PDF signature, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

29.   **Authority to Sign Agreement.**

The Parties and the signatories to this Agreement represent and warrant that the signatories executing this Agreement on behalf of each Party have full authority to do so and to make the representations, warranties, and agreements contained herein.

**IN WITNESS WHEREOF**, the parties hereto acknowledge that they have read this Settlement Agreement, and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

**[Signatures Contained on Following Pages]**

Maria Baez, *Plaintiff*

STATE OF NEW YORK

COUNTY OF NEW YORK

On MARCH 18, 2022, before me, the undersigned, a Notary Public in and

for the State of New York, personally appeared MARIA BAEZ, personally known to me

or proved to me on the basis of satisfactory evidence to be the individual whose name is

subscribed to the within instrument, and acknowledged to me that she executed the same

in her capacity, and that by her signature on the instrument, the individual, or the person

upon behalf of which the individual acted, executed the instrument.

NOTARY PUBLIC

SAMUEL O. MADUEGBUNA
Notary Public, State of New York
Reg. No. 02MA50471194
Qualified in Westchester County
Commission Expires October 25, 2025

Robert Doran, *Plaintiff*

STATE OF NEW YORK

COUNTY OF _NEW YORK_

On _MARCH 18_, 2022, before me, the undersigned, a Notary Public in and

for the State of New York, personally appeared ROBERT DORAN, personally known to

me or proved to me on the basis of satisfactory evidence to be the individual whose name

is subscribed to the within instrument, and acknowledged to me that he executed the

same in his capacity, and that by his signature on the instrument, the individual, or the

person upon behalf of which the individual acted, executed the instrument.

NOTARY PUBLIC

SAMUEL O. MADUEGBUNA
Notary Public, State of New York
Reg. No. 02MA50471194
Qualified in Westchester County
Commission Expires October 25, _2025_

Page 26

Bernard Linn, *Plaintiff*

STATE OF NEW YORK

COUNTY OF NEW YORK

On MARCH 18, 2022, before me, the undersigned, a Notary Public in and

for the State of New York, personally appeared BERNARD LINN, personally known to

me or proved to me on the basis of satisfactory evidence to be the individual whose name

is subscribed to the within instrument, and acknowledged to me that he executed the

same in his capacity, and that by his signature on the instrument, the individual, or the

person upon behalf of which the individual acted, executed the instrument.

NOTARY PUBLIC

SAMUEL O. MADUEGBUNA
Notary Public, State of New York
Reg. No. 02MA50471194
Qualified in Westchester County
Commission Expires October 25, 2025

Alexander Shaporov, *Plaintiff*

STATE OF NEW YORK

COUNTY OF NEV YORK

On MARCH 18 , 2022, before me, the undersigned, a Notary Public in and

for the State of New York, personally appeared ALEXANDER SHAPOROV, personally

known to me or proved to me on the basis of satisfactory evidence to be the individual

whose name is subscribed to the within instrument, and acknowledged to me that he

executed the same in his capacity, and that by his signature on the instrument, the

individual, or the person upon behalf of which the individual acted, executed the

instrument.

NOTARY PUBLIC

SAMUEL O. MADUEGBUNA
Notary Public, State of New York
Reg. No. 02MA50471194
Qualified in Westchester County
Commission Expires October 25, 2025

Page 28

MADUEGBUNA COOPER LLP
*Attorneys for Plaintiffs*
By: 

Samuel O. Maduegbuna
Maduegbuna Cooper LLP
30 Wall Street, 8th Floor
New York, New York 10005
(212) 232-0155
sam.m@mcande.com

Dionne Wheatley, Esq.
Deputy Counsel
NYS Office of the Medicaid Inspector General
800 North Pearl Street
Albany, New York 12204
Dionne.Wheatley@omig.ny.gov

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendant OMIG*
By:

Seth Farber, Esq.
Assistant Attorney General
28 Liberty Street, New York, NY 10005
(212) 416-8029; Seth.Farber@ag.ny.gov

SO ORDERED:

_____

United States District Judge

Dated:   _____

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT DORAN, MARIA BAEZ, ALEXANDER
SHAPOROV, and BERNARD LINN,

                Plaintiffs,

                v.

ERIN IVES, DENNIS ROSEN, DAN COYNE,
ANNA COSCHIGNANO, ROBERT BYRNES,
RUSSELL S. RIZZO, CHRISTOPHER
MULHALL, EDWARD MICHAEL DRESSLER,
SEAN MAHONEY, GABRIELLE ARES, and
JOHN and JANE DOES 1-5 (said names being
fictitious, the persons intended being those who
aided and abetted the unlawful conduct of the
named Defendants),

                Defendants.

No. 15-cv-7217 (PKC)(SN)

STIPULATION AND ORDER
OF DISMISSAL WITH
PREJUDICE

---

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned

counsel that, pursuant to Fed. R. Civ. P. 41(a), the above-captioned action and all claims asserted

against Frank Walsh, Erin Ives, Dennis Rosen, Daniel Coyne, Anna Coschignano, Robert

Byrnes, Russell S. Rizzo, Christopher Mulhall, Edward Michael Dressler, Sean Mahoney, and

Gabrielle Ares, in the above-captioned action are voluntarily dismissed with prejudice and

without payments, attorneys' fees, costs, disbursements, or expenses to any of these parties as

against the other.

MADUEGBUNA COOPER LLP
*Attorneys for Plaintiffs*
By:

Samuel O. Maduegbuna
Maduegbuna Cooper LLP
30 Wall Street, 8th Floor
New York, New York 10005
(212) 232-0155
sam.m@mcande.com

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*
By:

Seth Farber,
Assistant Attorney General
28 Liberty Street,
New York, NY 10005
(212) 416-8029
Seth.Farber@ag.ny.gov

SO ORDERED:

_____
United State District Judge

Dated: _____

Page 2

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ROBERT DORAN, MARIA BAEZ, ALEXANDER
SHAPOROV, and BERNARD LINN,

               Plaintiffs,                         No. 15-cv-7217 (PKC)(SN)

               v.                               PLAINTIFF BAEZ'S
                                                 AFFIDAVIT REGARDING
ERIN IVES, DENNIS ROSEN, DAN COYNE,        MEDICARE
ANNA COSCHIGNANO, ROBERT BYRNES,
RUSSELL S. RIZZO, CHRISTOPHER
MULHALL, EDWARD MICHAEL DRESSLER,
SEAN MAHONEY, GABRIELLE ARES, and
JOHN and JANE DOES 1-5 (said names being
fictitious, the persons intended being those who
aided and abetted the unlawful conduct of the
named Defendants),

               Defendants.
_____

STATE OF NEW YORK     ) ss.:
COUNTY OF _____  )

       **MARIA BAEZ**, being duly sworn, deposes and says:

1.      I am a plaintiff in the above-entitled Action, (as defined in the Settlement Agreement). I am a citizen of [INSERT COUNTRY], I reside at [INSERT ADDRESS] and my telephone number is [INSERT TELEPHONE NUMBER].

2.      I make this affidavit with full knowledge that it will be relied upon by the State of New York, its agents, employees and representatives in connection with the settlement and/or dismissal of this Action against the Office of the Medicaid Inspector General ("OMIG"), Frank Walsh, Erin Ives, Dennis Rosen, Daniel Coyne, Anna Coschignano, Robert Byrnes, Russell S. Rizzo, Christopher Mulhall, Edward Michael Dressler, Sean Mahoney, and Gabrielle Ares, and specifically as it relates to the New York State Office of the Attorney General's ("OAG's") obligations to comply with the reporting requirements of Section 111 of the Medicare, Medicaid

and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer Act

("MSP").

3.      I understand that a query has been / will be made pursuant to Section 111 of the

Medicare, Medicaid and SCHIP Extension Act of 2007, 42 US.C. 1395(B)(8) to verify my

current Medicare status.

4.      I hereby acknowledge and understand that, as mandated by CMS and promulgated by and

through its rules and regulations including but not limited to the MMSEA and/or MSP, I am

required to:

      a.      reimburse Medicare from the settlement herein for *conditional payments*
         Medicare has made for treatment of injuries alleged in this Action; and

      b.      utilize the settlement proceeds to pay for future medical expenses, when those
         expenses are for care or treatment related to the injuries covered by the allegations
         in this Action.

5.      I further acknowledge that the information provided herein will be relied upon by

defendants, OMIG, and OAG as true and accurate and, when applicable, will be used for

reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007

or as deemed necessary or required by defendants, OMIG, and OAG.

6.      I hereby agree to promptly provide OAG with any and all information that OAG deems

necessary and required for its reporting pursuant to Section 111 of the Medicare, Medicaid and

SCHIP Extension Act of 2007.

### PEDIGREE INFORMATION

7.       I have been known by (include all alias name[s], former name[s] and/or maiden name[s])

the following names: [INSERT NAMES].  I hereby acknowledge that I can be identified by

this/these name(s) and all these names do, indeed, refer to me.

8.      I consent to allow OAG to verify my current Medicare eligibility for purposes of its compliance with Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.

9.      I affirm that:

a.      my social security number is [SSN];
b.      my date of birth is [DOB]; and
c.      my gender is male / female.

### CURRENT MEDICARE ELIGIBILITY
*✎ Initial and affirm applicable current Medicare eligibility status ✎*

10.     As of the date of this affidavit:

a.      ✎_____      I am not currently receiving nor have I ever received Medicare coverage and/or benefits;

### OR

b.      ✎_____      I am a Medicare Beneficiary, and my Medicare number [HIC #] is _____.  I am aware of my obligation to reimburse Medicare, as well as any Medicare Part C Plan (also referred to as Medicare Advantage Plans or Medi-Gap Plans and collectively referred to as "Medicare") for payments and/or benefits that I received directly or indirectly from Medicare for medical expenses for injuries that were the subject of this Action.  I understand that reimbursement directly to Medicare may be made from proceeds I receive from the settlement of this Action; and

i.      ✎_____      Medicare has confirmed that no payment is due and owing from the total proceeds of this Action. *(**Attach copy of Medicare's Conditional Payment letter and/or Final Demand Letter)**;* or

ii.     ✎_____      Medicare has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date.  *(**Attach copy of Medicare's Conditional Payment Letter and/or Final Demand Letter)**.*  In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the total proceeds of this Action; or

iii.    ✎_____      I am awaiting a Conditional Payment Letter and/or Final Demand Letter or equivalent information from Medicare.  Upon my receipt of the necessary documentation, I will promptly provide it to Assistant Attorney General Todd Spiegelman and to OAG's Medicare Compliance Officer via email at Medicare.Compliance@ag.ny.gov.  I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG for any delay in payment pursuant to the terms

and conditions of the settlement in this Action prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Conditional Payment Letter and/or Final Demand Letter).  In accordance with Medicare's Conditional Payment Letter and/or Final Demand Letter (referred to, respectively, as Medicare's Letter), I consent to the payment, directly from the total proceeds of the settlement of this Action, of the sum stated in Medicare's Letter as the sum that Medicare will accept as full and final reimbursement of all Medicare payments made to date.

### FUTURE MEDICARE ELIGIBILITY
✎ *Initial and affirm applicable future Medicare eligibility status* ✎

11.    As of the date of this affidavit:

a.    ✎_____    I do not expect to be Medicare eligible within 30 months of the date of this affidavit and as of the date of the settlement of this Action.  I affirm that I:
    i.    have not applied for social security disability (SSDI);
    ii.   have not been denied SSDI and anticipating appealing that decision;
    iii.  am not in the process of appealing or re-filing for SSDI;
    iv.   am not 62.5 years or older; and
    v.    do not have End Stage Renal Disease (a qualifying condition for Medicare);

**OR**

b.    ✎_____    I am not currently a Medicare Beneficiary.  However, I anticipate that I will be Medicare eligible within 30 months of the date of this affidavit and the date of the settlement of this Action and

    i.    ✎_____    I do not require any future treatment for injuries that are the subject of this Action.  The required certification(s) for the injuries alleged in this Action is attached.  The attached certification confirms that there is no anticipated future treatment required for the injuries sustained in the within Action; or

    ii.   ✎_____    I do require future treatment for the injuries that are the subject of this Action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the Action. I affirm this sum will be used for future medical expenses relating to the injuries of this Action; or

    iii.  ✎_____    I have not sought treatment for the injuries alleged in this Action and, as such, there are no medical expenses relating to the injuries

alleged herein.  Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this Action.  I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the settlement of this Action to pay for any medical expenses relating to such injuries.

**OR**

c.      ✎_____    I am currently a Medicare Beneficiary and

      i.      ✎_____    I do not require any future treatment for injuries that are the subject of this Action.  The required certification(s) for the injuries alleged in the Action is attached.  The attached certification confirms that no anticipated future treatment is required for the injuries that are the subject of this Action; or

      ii.      ✎_____    I do require future treatment for the injuries that are the subject of this Action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the above-captioned Action. I affirm this sum will be used for future medical expenses relating to the injuries that are the subject of this Action; or

      iii.      ✎_____    I have not sought treatment for the injuries alleged in this Action and, as such, there are no medical expenses relating to the injuries alleged herein.  Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this Action.  I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the settlement of this Action to pay for any medical expenses relating to such injuries.

 

                                            _____
                                            **Maria Baez**

Sworn to before me this
_____ day of _____, 20__.


_____
NOTARY PUBLIC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ROBERT DORAN, MARIA BAEZ, ALEXANDER
SHAPOROV, and BERNARD LINN,

               Plaintiffs,

               v.

ERIN IVES, DENNIS ROSEN, DAN COYNE,
ANNA COSCHIGNANO, ROBERT BYRNES,
RUSSELL S. RIZZO, CHRISTOPHER
MULHALL, EDWARD MICHAEL DRESSLER,
SEAN MAHONEY, GABRIELLE ARES, and
JOHN and JANE DOES 1-5 (said names being
fictitious, the persons intended being those who
aided and abetted the unlawful conduct of the
named Defendants),

               Defendants.
_____

No. 15-cv-7217 (PKC)(SN)

PLAINTIFF DORAN'S
AFFIDAVIT REGARDING
MEDICARE

STATE OF NEW YORK    ) ss.:
COUNTY OF _____  )

      **ROBERT DORAN**, being duly sworn, deposes and says:

1.      I am a plaintiff in the above-entitled Action, (as defined in the Settlement Agreement). I

am a citizen of [INSERT COUNTRY], I reside at [INSERT ADDRESS] and my telephone

number is [INSERT TELEPHONE NUMBER].

2.      I make this affidavit with full knowledge that it will be relied upon by the State of New

York, its agents, employees and representatives in connection with the settlement and/or

dismissal of this Action against the Office of the Medicaid Inspector General ("OMIG"), Frank

Walsh, Erin Ives, Dennis Rosen, Daniel Coyne, Anna Coschignano, Robert Byrnes, Russell S.

Rizzo, Christopher Mulhall, Edward Michael Dressler, Sean Mahoney, and Gabrielle Ares, and

specifically as it relates to the New York State Office of the Attorney General's ("OAG's")

obligations to comply with the reporting requirements of Section 111 of the Medicare, Medicaid

Page 6

and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer Act ("MSP").

3.      I understand that a query has been / will be made pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007, 42 US.C. 1395(B)(8) to verify my current Medicare status.

4.      I hereby acknowledge and understand that, as mandated by CMS and promulgated by and through its rules and regulations including but not limited to the MMSEA and/or MSP, I am required to:

      a.      reimburse Medicare from the settlement herein for *conditional payments* Medicare has made for treatment of injuries alleged in this Action; and

      b.      utilize the settlement proceeds to pay for future medical expenses, when those expenses are for care or treatment related to the injuries covered by the allegations in this Action.

5.      I further acknowledge that the information provided herein will be relied upon by defendants, OMIG, and OAG as true and accurate and, when applicable, will be used for reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 or as deemed necessary or required by defendants, OMIG, and OAG.

6.      I hereby agree to promptly provide OAG with any and all information that OAG deems necessary and required for its reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.

### PEDIGREE INFORMATION

7.       I have been known by (include all alias name[s], former name[s] and/or maiden name[s]) the following names: [INSERT NAMES].  I hereby acknowledge that I can be identified by this/these name(s) and all these names do, indeed, refer to me.

8.      I consent to allow OAG to verify my current Medicare eligibility for purposes of its

compliance with Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.

9.      I affirm that:

   a.      my social security number is [SSN];
   b.      my date of birth is [DOB]; and
   c.      my gender is male / female.

### CURRENT MEDICARE ELIGIBILITY
*🖉 Initial and affirm applicable current Medicare eligibility status 🖉*

10.      As of the date of this affidavit:

   a.      🖉_____      I am not currently receiving nor have I ever received Medicare
   coverage and/or benefits;

### OR

   b.      🖉_____      I am a Medicare Beneficiary, and my Medicare number [HIC #] is
   _____.  I am aware of my obligation to reimburse Medicare,
   as well as any Medicare Part C Plan (also referred to as Medicare Advantage
   Plans or Medi-Gap Plans and collectively referred to as "Medicare") for payments
   and/or benefits that I received directly or indirectly from Medicare for medical
   expenses for injuries that were the subject of this Action.  I understand that
   reimbursement directly to Medicare may be made from proceeds I receive from
   the settlement of this Action; and

      i.      🖉_____      Medicare has confirmed that no payment is due and owing
      from the total proceeds of this Action. ***(Attach copy of Medicare's
      Conditional Payment letter and/or Final Demand Letter)***; or

      ii.      🖉_____      Medicare has confirmed that it will accept the total amount
      of $_____ as full and final reimbursement of all Medicare
      payments made to date. ***(Attach copy of Medicare's Conditional
      Payment Letter and/or Final Demand Letter)***.  In accordance with the
      attached Medicare letter, I consent to the payment of that sum directly
      from the total proceeds of this Action; or

      iii.      🖉_____      I am awaiting a Conditional Payment Letter and/or Final
      Demand Letter or equivalent information from Medicare.  Upon my
      receipt of the necessary documentation, I will promptly provide it to
      Assistant Attorney General Todd Spiegelman and to OAG's Medicare
      Compliance Officer via email at Medicare.Compliance@ag.ny.gov.  I
      agree that no interest or penalty will be assessed or demanded by me or on
      my behalf against the OAG for any delay in payment pursuant to the terms

and conditions of the settlement in this Action prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Conditional Payment Letter and/or Final Demand Letter).  In accordance with Medicare's Conditional Payment Letter and/or Final Demand Letter (referred to, respectively, as Medicare's Letter), I consent to the payment, directly from the total proceeds of the settlement of this Action, of the sum stated in Medicare's Letter as the sum that Medicare will accept as full and final reimbursement of all Medicare payments made to date.

### FUTURE MEDICARE ELIGIBILITY

✒ *Initial and affirm applicable future Medicare eligibility status* ✒

11.    As of the date of this affidavit:

a.    ✒_____   I do not expect to be Medicare eligible within 30 months of the date of this affidavit and as of the date of the settlement of this Action.  I affirm that I:
    i.    have not applied for social security disability (SSDI);
    ii.    have not been denied SSDI and anticipating appealing that decision;
    iii.    am not in the process of appealing or re-filing for SSDI;
    iv.    am not 62.5 years or older; and
    v.    do not have End Stage Renal Disease (a qualifying condition for Medicare);

### OR

b.    ✒_____   I am not currently a Medicare Beneficiary.  However, I anticipate that I will be Medicare eligible within 30 months of the date of this affidavit and the date of the settlement of this Action and

    i.    ✒_____   I do not require any future treatment for injuries that are the subject of this Action.  The required certification(s) for the injuries alleged in this Action is attached.  The attached certification confirms that there is no anticipated future treatment required for the injuries sustained in the within Action; or

    ii.    ✒_____   I do require future treatment for the injuries that are the subject of this Action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the Action. I affirm this sum will be used for future medical expenses relating to the injuries of this Action; or

    iii.    ✒_____   I have not sought treatment for the injuries alleged in this Action and, as such, there are no medical expenses relating to the injuries

alleged herein.  Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this Action.  I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the settlement of this Action to pay for any medical expenses relating to such injuries.

**OR**

c.     ✎_____    I am currently a Medicare Beneficiary and

      i.     ✎_____    I do not require any future treatment for injuries that are the subject of this Action.  The required certification(s) for the injuries alleged in the Action is attached.  The attached certification confirms that no anticipated future treatment is required for the injuries that are the subject of this Action; or

      ii.     ✎_____    I do require future treatment for the injuries that are the subject of this Action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the above-captioned Action. I affirm this sum will be used for future medical expenses relating to the injuries that are the subject of this Action; or

      iii.     ✎_____    I have not sought treatment for the injuries alleged in this Action and, as such, there are no medical expenses relating to the injuries alleged herein.  Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this Action.  I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the settlement of this Action to pay for any medical expenses relating to such injuries.

 

                                      _____
                                        **Robert Doran**

Sworn to before me this
_____ day of _____, 20__.


_____
NOTARY PUBLIC

SOUTHERN DISTRICT OF NEW YORK
ROBERT DORAN, MARIA BAEZ, ALEXANDER
SHAPOROV, and BERNARD LINN,

                 Plaintiffs,

                 v.

ERIN IVES, DENNIS ROSEN, DAN COYNE,
ANNA COSCHIGNANO, ROBERT BYRNES,
RUSSELL S. RIZZO, CHRISTOPHER
MULHALL, EDWARD MICHAEL DRESSLER,
SEAN MAHONEY, GABRIELLE ARES, and
JOHN and JANE DOES 1-5 (said names being
fictitious, the persons intended being those who
aided and abetted the unlawful conduct of the
named Defendants),

                 Defendants.

No. 15-cv-7217 (PKC)(SN)

PLAINTIFF LINN'S
AFFIDAVIT REGARDING
MEDICARE

STATE OF NEW YORK    ) ss.:
COUNTY OF _____ )

      **BERNARD LINN**, being duly sworn, deposes and says:

1.     I am a plaintiff in the above-entitled Action, (as defined in the Settlement Agreement). I

am a citizen of [INSERT COUNTRY], I reside at [INSERT ADDRESS] and my telephone

number is [INSERT TELEPHONE NUMBER].

2.     I make this affidavit with full knowledge that it will be relied upon by the State of New

York, its agents, employees and representatives in connection with the settlement and/or

dismissal of this Action against the Office of the Medicaid Inspector General ("OMIG"), Frank

Walsh, Erin Ives, Dennis Rosen, Daniel Coyne, Anna Coschignano, Robert Byrnes, Russell S.

Rizzo, Christopher Mulhall, Edward Michael Dressler, Sean Mahoney, and Gabrielle Ares, and

specifically as it relates to the New York State Office of the Attorney General's ("OAG's")

obligations to comply with the reporting requirements of Section 111 of the Medicare, Medicaid

and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer Act

("MSP").

3.      I understand that a query has been / will be made pursuant to Section 111 of the

Medicare, Medicaid and SCHIP Extension Act of 2007, 42 US.C. 1395(B)(8) to verify my

current Medicare status.

4.      I hereby acknowledge and understand that, as mandated by CMS and promulgated by and

through its rules and regulations including but not limited to the MMSEA and/or MSP, I am

required to:

> a.      reimburse Medicare from the settlement herein for *conditional payments*
>         Medicare has made for treatment of injuries alleged in this Action; and
>
> b.      utilize the settlement proceeds to pay for future medical expenses, when those
>         expenses are for care or treatment related to the injuries covered by the allegations
>         in this Action.

5.      I further acknowledge that the information provided herein will be relied upon by

defendants, OMIG, and OAG as true and accurate and, when applicable, will be used for

reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007

or as deemed necessary or required by defendants, OMIG, and OAG.

6.      I hereby agree to promptly provide OAG with any and all information that OAG deems

necessary and required for its reporting pursuant to Section 111 of the Medicare, Medicaid and

SCHIP Extension Act of 2007.

**PEDIGREE INFORMATION**

7.       I have been known by (include all alias name[s], former name[s] and/or maiden name[s])

the following names: [INSERT NAMES].  I hereby acknowledge that I can be identified by

this/these name(s) and all these names do, indeed, refer to me.

8.      I consent to allow OAG to verify my current Medicare eligibility for purposes of its

compliance with Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.

9.      I affirm that:

    a.      my social security number is [SSN];
    b.      my date of birth is [DOB]; and
    c.      my gender is male / female.

### CURRENT MEDICARE ELIGIBILITY
*🖉 Initial and affirm applicable current Medicare eligibility status 🖉*

10.      As of the date of this affidavit:

    a.      🖉_____      I am not currently receiving nor have I ever received Medicare
coverage and/or benefits;

### OR

    b.      🖉_____      I am a Medicare Beneficiary, and my Medicare number [HIC #] is
_____.  I am aware of my obligation to reimburse Medicare,
as well as any Medicare Part C Plan (also referred to as Medicare Advantage
Plans or Medi-Gap Plans and collectively referred to as "Medicare") for payments
and/or benefits that I received directly or indirectly from Medicare for medical
expenses for injuries that were the subject of this Action.  I understand that
reimbursement directly to Medicare may be made from proceeds I receive from
the settlement of this Action; and

        i.      🖉_____      Medicare has confirmed that no payment is due and owing
from the total proceeds of this Action. ***(Attach copy of Medicare's
Conditional Payment letter and/or Final Demand Letter)***; or

        ii.      🖉_____      Medicare has confirmed that it will accept the total amount
of $_____ as full and final reimbursement of all Medicare
payments made to date.  ***(Attach copy of Medicare's Conditional
Payment Letter and/or Final Demand Letter)***.  In accordance with the
attached Medicare letter, I consent to the payment of that sum directly
from the total proceeds of this Action; or

        iii.      🖉_____      I am awaiting a Conditional Payment Letter and/or Final
Demand Letter or equivalent information from Medicare.  Upon my
receipt of the necessary documentation, I will promptly provide it to
Assistant Attorney General Todd Spiegelman and to OAG's Medicare
Compliance Officer via email at Medicare.Compliance@ag.ny.gov.  I
agree that no interest or penalty will be assessed or demanded by me or on
my behalf against the OAG for any delay in payment pursuant to the terms

and conditions of the settlement in this Action prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Conditional Payment Letter and/or Final Demand Letter).  In accordance with Medicare's Conditional Payment Letter and/or Final Demand Letter (referred to, respectively, as Medicare's Letter), I consent to the payment, directly from the total proceeds of the settlement of this Action, of the sum stated in Medicare's Letter as the sum that Medicare will accept as full and final reimbursement of all Medicare payments made to date.

### FUTURE MEDICARE ELIGIBILITY

🖊 *Initial and affirm applicable future Medicare eligibility status* 🖊

11.     As of the date of this affidavit:

a.      🖊_____     I do not expect to be Medicare eligible within 30 months of the date of this affidavit and as of the date of the settlement of this Action.  I affirm that I:
   i.    have not applied for social security disability (SSDI);
   ii.   have not been denied SSDI and anticipating appealing that decision;
   iii.  am not in the process of appealing or re-filing for SSDI;
   iv.   am not 62.5 years or older; and
   v.    do not have End Stage Renal Disease (a qualifying condition for Medicare);

### OR

b.      🖊_____     I am not currently a Medicare Beneficiary.  However, I anticipate that I will be Medicare eligible within 30 months of the date of this affidavit and the date of the settlement of this Action and

   i.    🖊_____     I do not require any future treatment for injuries that are the subject of this Action.  The required certification(s) for the injuries alleged in this Action is attached.  The attached certification confirms that there is no anticipated future treatment required for the injuries sustained in the within Action; or

   ii.   🖊_____     I do require future treatment for the injuries that are the subject of this Action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the Action. I affirm this sum will be used for future medical expenses relating to the injuries of this Action; or

   iii.  🖊_____     I have not sought treatment for the injuries alleged in this Action and, as such, there are no medical expenses relating to the injuries

Page 14

alleged herein. Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this Action. I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the settlement of this Action to pay for any medical expenses relating to such injuries.

**OR**

c.    ✎_____    I am currently a Medicare Beneficiary and

   i.    ✎_____    I do not require any future treatment for injuries that are the subject of this Action. The required certification(s) for the injuries alleged in the Action is attached. The attached certification confirms that no anticipated future treatment is required for the injuries that are the subject of this Action; or

   ii.    ✎_____    I do require future treatment for the injuries that are the subject of this Action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the above-captioned Action. I affirm this sum will be used for future medical expenses relating to the injuries that are the subject of this Action; or

   iii.    ✎_____    I have not sought treatment for the injuries alleged in this Action and, as such, there are no medical expenses relating to the injuries alleged herein. Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this Action. I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the settlement of this Action to pay for any medical expenses relating to such injuries.


_____
**Bernard Linn**


Sworn to before me this
_____ day of _____, 20__.



_____
NOTARY PUBLIC

SOUTHERN DISTRICT OF NEW YORK
ROBERT DORAN, MARIA BAEZ, ALEXANDER
SHAPOROV, and BERNARD LINN,

             Plaintiffs,

             v.

ERIN IVES, DENNIS ROSEN, DAN COYNE,
ANNA COSCHIGNANO, ROBERT BYRNES,
RUSSELL S. RIZZO, CHRISTOPHER
MULHALL, EDWARD MICHAEL DRESSLER,
SEAN MAHONEY, GABRIELLE ARES, and
JOHN and JANE DOES 1-5 (said names being
fictitious, the persons intended being those who
aided and abetted the unlawful conduct of the
named Defendants),

             Defendants.

No. 15-cv-7217 (PKC)(SN)

PLAINTIFF SHAPOROV'S
AFFIDAVIT REGARDING
MEDICARE

STATE OF NEW YORK    ) ss.:
COUNTY OF _____  )

      **ALEXANDER SHAPOROV**, being duly sworn, deposes and says:

1.     I am a plaintiff in the above-entitled Action, (as defined in the Settlement Agreement). I

am a citizen of [INSERT COUNTRY], I reside at [INSERT ADDRESS] and my telephone

number is [INSERT TELEPHONE NUMBER].

2.     I make this affidavit with full knowledge that it will be relied upon by the State of New

York, its agents, employees and representatives in connection with the settlement and/or

dismissal of this Action against the Office of the Medicaid Inspector General ("OMIG"), Frank

Walsh, Erin Ives, Dennis Rosen, Daniel Coyne, Anna Coschignano, Robert Byrnes, Russell S.

Rizzo, Christopher Mulhall, Edward Michael Dressler, Sean Mahoney, and Gabrielle Ares, and

specifically as it relates to the New York State Office of the Attorney General's ("OAG's")

obligations to comply with the reporting requirements of Section 111 of the Medicare, Medicaid

and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer Act

("MSP").

3.       I understand that a query has been / will be made pursuant to Section 111 of the

Medicare, Medicaid and SCHIP Extension Act of 2007, 42 US.C. 1395(B)(8) to verify my

current Medicare status.

4.       I hereby acknowledge and understand that, as mandated by CMS and promulgated by and

through its rules and regulations including but not limited to the MMSEA and/or MSP, I am

required to:

> a.       reimburse Medicare from the settlement herein for *conditional payments* Medicare has made for treatment of injuries alleged in this Action; and

> b.       utilize the settlement proceeds to pay for future medical expenses, when those expenses are for care or treatment related to the injuries covered by the allegations in this Action.

5.       I further acknowledge that the information provided herein will be relied upon by

defendants, OMIG, and OAG as true and accurate and, when applicable, will be used for

reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007

or as deemed necessary or required by defendants, OMIG, and OAG.

6.       I hereby agree to promptly provide OAG with any and all information that OAG deems

necessary and required for its reporting pursuant to Section 111 of the Medicare, Medicaid and

SCHIP Extension Act of 2007.

## PEDIGREE INFORMATION

7.        I have been known by (include all alias name[s], former name[s] and/or maiden name[s])

the following names: [INSERT NAMES].  I hereby acknowledge that I can be identified by

this/these name(s) and all these names do, indeed, refer to me.

Page 17

8.    I consent to allow OAG to verify my current Medicare eligibility for purposes of its compliance with Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.

9.    I affirm that:

    a.    my social security number is [SSN];
    b.    my date of birth is [DOB]; and
    c.    my gender is male / female.

### CURRENT MEDICARE ELIGIBILITY
*✎ Initial and affirm applicable current Medicare eligibility status ✎*

10.   As of the date of this affidavit:

    a.    ✎_____    I am not currently receiving nor have I ever received Medicare coverage and/or benefits;

**OR**

    b.    ✎_____    I am a Medicare Beneficiary, and my Medicare number [HIC #] is _____.  I am aware of my obligation to reimburse Medicare, as well as any Medicare Part C Plan (also referred to as Medicare Advantage Plans or Medi-Gap Plans and collectively referred to as "Medicare") for payments and/or benefits that I received directly or indirectly from Medicare for medical expenses for injuries that were the subject of this Action.  I understand that reimbursement directly to Medicare may be made from proceeds I receive from the settlement of this Action; and

        i.    ✎_____    Medicare has confirmed that no payment is due and owing from the total proceeds of this Action. ***(Attach copy of Medicare's Conditional Payment letter and/or Final Demand Letter)***; or

        ii.    ✎_____    Medicare has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date.  ***(Attach copy of Medicare's Conditional Payment Letter and/or Final Demand Letter)***.  In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the total proceeds of this Action; or

        iii.    ✎_____    I am awaiting a Conditional Payment Letter and/or Final Demand Letter or equivalent information from Medicare.  Upon my receipt of the necessary documentation, I will promptly provide it to Assistant Attorney General Todd Spiegelman and to OAG's Medicare Compliance Officer via email at Medicare.Compliance@ag.ny.gov.  I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG for any delay in payment pursuant to the terms

and conditions of the settlement in this Action prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Conditional Payment Letter and/or Final Demand Letter).  In accordance with Medicare's Conditional Payment Letter and/or Final Demand Letter (referred to, respectively, as Medicare's Letter), I consent to the payment, directly from the total proceeds of the settlement of this Action, of the sum stated in Medicare's Letter as the sum that Medicare will accept as full and final reimbursement of all Medicare payments made to date.

## FUTURE MEDICARE ELIGIBILITY
*✎ Initial and affirm applicable future Medicare eligibility status ✎*

11.     As of the date of this affidavit:

a.      ✎_____     I do not expect to be Medicare eligible within 30 months of the date of this affidavit and as of the date of the settlement of this Action.  I affirm that I:
    i.      have not applied for social security disability (SSDI);
    ii.     have not been denied SSDI and anticipating appealing that decision;
    iii.    am not in the process of appealing or re-filing for SSDI;
    iv.     am not 62.5 years or older; and
    v.      do not have End Stage Renal Disease (a qualifying condition for Medicare);

### OR

b.      ✎_____     I am not currently a Medicare Beneficiary.  However, I anticipate that I will be Medicare eligible within 30 months of the date of this affidavit and the date of the settlement of this Action and

    i.      ✎_____     I do not require any future treatment for injuries that are the subject of this Action.  The required certification(s) for the injuries alleged in this Action is attached.  The attached certification confirms that there is no anticipated future treatment required for the injuries sustained in the within Action; or

    ii.     ✎_____     I do require future treatment for the injuries that are the subject of this Action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the Action. I affirm this sum will be used for future medical expenses relating to the injuries of this Action; or

    iii.    ✎_____     I have not sought treatment for the injuries alleged in this Action and, as such, there are no medical expenses relating to the injuries

alleged herein.  Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this Action.  I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the settlement of this Action to pay for any medical expenses relating to such injuries.

**OR**

c.    ✎_____    I am currently a Medicare Beneficiary and

    i.    ✎_____    I do not require any future treatment for injuries that are the subject of this Action.  The required certification(s) for the injuries alleged in the Action is attached.  The attached certification confirms that no anticipated future treatment is required for the injuries that are the subject of this Action; or

    ii.    ✎_____    I do require future treatment for the injuries that are the subject of this Action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the above-captioned Action. I affirm this sum will be used for future medical expenses relating to the injuries that are the subject of this Action; or

    iii.    ✎_____    I have not sought treatment for the injuries alleged in this Action and, as such, there are no medical expenses relating to the injuries alleged herein.  Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this Action.  I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the settlement of this Action to pay for any medical expenses relating to such injuries.

_____
**Alexander Shaporov**

Sworn to before me this
_____ day of _____, 20__.

_____
NOTARY PUBLIC