UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT DORAN, MARIA BAEZ, ALEXANDER SHAPOROV, and BERNARD LINN,

        Plaintiffs,

v.

ERIN IVES, DENNIS ROSEN, DAN COYNE, ANNA COSCHIGNANO, ROBERT BYRNES, RUSSELL S. RIZZO, CHRISTOPHER MULHALL, EDWARD MICHAEL DRESSLER, SEAN MAHONEY, GABRIELLE ARES, and JOHN and JANE DOES 1-5 (said names being fictitious, the persons intended being those who aided and abetted the unlawful conduct of the named Defendants),

        Defendants.

---

No. 15-cv-7217 (PKC)(SN)

AMENDMENT TO SETTLEMENT AGREEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL WITH PREJUDICE

      This Amendment (the "Amendment") to the Settlement Agreement, General Release, and Order of Dismissal with Prejudice in the above-captioned case, e-filed in redacted form on ECF on April 4, 2022 [ECF No. 317-1] (the "Settlement Agreement"), is made pursuant to Paragraph 23 of the Settlement Agreement, by and between Plaintiffs Robert Doran, Maria Baez, Alexander Shaporov, and Bernard Linn ("Plaintiffs") and the Office of the Medicaid Inspector General ("OMIG") as of the date the fully executed Amendment is electronically filed with the Court:

      WHEREAS, Paragraph 4 of the Settlement Agreement provides that "[t]he payments referenced in Paragraph 3 of this Settlement Agreement are subject to and conditioned upon the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17 and routine State payment processes," which includes the New York State Office of the State Comptroller ("OSC"); and

WHEREAS, Paragraph 23 of the Settlement Agreement provides that it "may not be clarified, modified, changed or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto"; and

WHEREAS, the parties desire to amend the Settlement Agreement in light of certain mutually agreed-upon changes to the payments to Plaintiff Linn set forth in Paragraph 3(a)(iii) of the Settlement Agreement based on calculations conducted by the OSC following the execution and electronic filing of the Settlement Agreement;

NOW THEREFORE, in consideration of the mutual promises, covenants, representations and other consideration contained in the Settlement Agreement and in this Amendment, Plaintiffs and OMIG hereby stipulate and agree as follows:

1. In full and complete satisfaction of any and all claims for lost wages, benefits, and economic damages, including but not limited to prejudgment interest, back pay, front pay, severance pay, commissions, bonuses, reimbursements, pension plan contributions, and any non-vested retirement, pension, health or savings plan benefits, incurred by Plaintiff Linn that were or could have been the subject of any claim in the Action, OMIG shall pay:

    (a) Bernard Linn the gross sum of TWENTY-NINE THOUSAND AND SIX HUNDRED AND SIXTY-THREE DOLLARS AND FORTY CENTS ($29,663.40) less all appliable withholding and/or payroll deductions, including but not limited to federal, state, and local taxes, for which an I.R.S. Form W-2 shall be issued to Bernard Linn. The foregoing payment constitutes the estimated amount Bernard Linn would have received had he been promoted to an MI-3 position on February 6, 2014, and held that position until January 19, 2022. The

foregoing payment shall be made payable to "Bernard Linn" and sent to ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. OMIG will notify the OSC, the administrative head of the New York State and Local Retirement System, of this payment to Bernard Linn and this Settlement Agreement. The OSC will determine if the foregoing payment is "pensionable" and any pension calculations pursuant to applicable retirement plans, State policies, regulations, and statutes.

(b) Bernard Linn the gross sum of FIVE THOUSAND AND FIVE HUNDRED AND FIFTY-THREE DOLLARS AND SIXTY CENTS ($5,553.60) for which an I.R.S. Form 1099 shall be issued to Bernard Linn in this amount. The foregoing payment shall be made payable to "Bernard Linn" and sent to ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.

2. OMIG shall pay its share of the payroll tax for payments issued under Paragraph 1(a) of this Amendment.

3. Paragraph 1 of this Amendment supersedes Paragraph 3(a)(iii) of the Settlement Agreement, which shall no longer have any force or effect. The Settlement Agreement, including all of its other provisions, otherwise remains in full force and effect.

4. This Amendment and any documents submitted to the New York State Office of the Attorney General pursuant to this Amendment shall not constitute "documentation" under Paragraphs 4 and 5 of the Settlement Agreement, and shall not extend the deadline when interest accrues thereunder.

5. This Amendment may be executed in one or more counterparts and by facsimile or PDF signature, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

**IN WITNESS WHEREOF**, the parties hereto acknowledge that they have read this Amendment to the Settlement Agreement, and accept and agree to the provisions contained herein, and have each executed this Amendment to the Settlement Agreement to be effective on the day and date first above written.

MADUEGBUNA COOPER LLP
*Attorneys for Plaintiffs*
By:

_____
Samuel O. Maduegbuna
Maduegbuna Cooper LLP
30 Wall Street, 8th Floor
New York, New York 10005
(212) 232-0155
sam.m@mcande.com

*[signature]*
Dionne Wheatley, Esq.
Deputy Counsel
NYS Office of the Medicaid Inspector General
800 North Pearl Street
Albany, New York 12204
Dionne.Wheatley@omig.ny.gov


LETITIA JAMES
Attorney General
State of New York
*Attorney for OMIG*
By: *[signature]*
Todd A. Spiegelman
Assistant Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8661
Todd.Spiegelman@ag.ny.gov